IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 3:15-CV-03352 |
| ROBERT HEITBRINK, CONNIE MCELHANEY, individually and as special administrator of THE ESTATE OF WILLIAM MCELHANEY, ) ) ) ) ) ) ) | |
| Defendants. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Plaintiff Cincinnati Insurance Company's Brief in Support of Its Motion for Default Judgment (d/e 25) against Defendant Robert Heitbrink, which the Court construes as a Motion for Default Judgment. Because entry of a default judgment against Mr. Heitbrink might result in inconsistent or contradictory judgments, the Motion is DENIED without prejudice and with leave to refile when the claims involving the remaining defendant have been resolved.

## I. BACKGROUND

In December 2015, Plaintiff filed a complaint for declaratory judgment (d/e 1) to determine Plaintiff's obligations, if any, under policies of insurance that Plaintiff issued to Mr. Heitbrink. Plaintiff brought the suit against Mr. Heitbrink and Defendant Connie McElhaney, individually and as special administrator of the estate of William McElhaney.

The dispute concerns Mr. Heitbrink's request for insurance coverage with respect to a lawsuit filed against him by Ms. McElhaney, individually and as special administrator of the estate of William McElhaney. See McElhaney v. Heitbrink, Morgan County Circuit Court, Case No. 2015-L-25 (the "Underlying Lawsuit"). In the Underlying Lawsuit, Ms. McElhaney seeks damages pursuant to the Illinois Wrongful Death Act, the Illinois Survival Statute, and the Illinois Rights of Married Persons Act. Ms. McElhaney alleges that Mr. Heitbrink attacked and assaulted William McElhaney, resulting in Mr. McElhaney's death.

On April 20, 2016, service of Plaintiff's declaratory judgment action was effectuated on Mr. Heitbrink. See d/e 8. Mr. Heitbrink,

who is currently incarcerated, has failed to appear, answer, or otherwise plead to the complaint.

On August 10, 2016, United States Magistrate Judge Tom Schanzle-Haskins issued an Order of Default of Robert Heitbrink (d/e 19) and directed Plaintiff to file a motion for default judgment within 14 days. On August 24, 2016, Plaintiff filed a Motion for Default Judgment against Mr. Heitbrink.

On September 28, 2016, this Court denied the motion for default judgment with leave to refile, noting that Plaintiff did not allege its principal place of business or the citizenship (as opposed to the residence) of the Defendants. The Court directed Plaintiff to file an amended complaint properly alleging the citizenship of the parties in this action.

On October 11, 2016, Plaintiff filed its amended complaint (d/e 22) properly alleging the citizenship of the parties in this action. On October 26, 2016, Ms. McElhaney filed an answer to the amended complaint. On November 7, 2016, Plaintiff filed its Brief in Support of Its Motion for Default Judgment, which the Court is construing as a motion for default judgment.

## II. JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Complete diversity exists between the parties. Plaintiff is an Ohio corporation with its principal place of business in Ohio. Am. Compl. ¶ 2 (d/e 22). Mr. Heitbrink is a citizen of Illinois. Id. ¶ 3. Ms. McElhaney is a citizen of South Carolina both individually and as the legal representative of Mr. McElhaney's estate. Id. ¶¶ 4, 5.

In addition, the amount in controversy exceeds $75,000 exclusive of interest and costs. In a declaratory judgment action, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Ad. Comm'n, 432 U.S. 333, 347 (1977). The object of the litigation is the pecuniary result that would flow to the plaintiff or the defendant from the court granting the declaratory judgment. America's MoneyLine, Inc. v. Coleman, 360 F.3d 762, 786 (7th Cir. 2004). In this case, the value of the Underlying Lawsuit and the cost of defending the Underlying Lawsuit count toward the jurisdictional amount. See Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 539-40 (7th Cir. 2006); Midland Mgmt. Co. v. Am. Alt. Ins. Corp., 132 F. Supp.3d

1014, 1020 (N.D. Ill. 2015).  In the Underlying Lawsuit, Ms. McElhaney seeks in excess of $50,000[1] for damages arising out of Mr. McElhaney's death.  Moreover, defense costs in the Underlying Lawsuit could easily exceed $25,000.  Therefore, the Court finds the amount-in-controversy requirement satisfied.  See Back Doctors Ltd. v. Metro. Property & Cas. Ins. Co., 637 F.3d 827, 830 (7th Cir. 2011) ("unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

Because the parties are diverse and the amount in controversy exceeds $75,000, this Court has jurisdiction.

### III. ANALYSIS

Plaintiff seeks a default judgment against Mr. Heitbrink. Plaintiff asks the Court to enter an order finding that the insurance policies issued by Plaintiff to Mr. Heitbrink provide no coverage to him in connection with the Underlying Lawsuit and to

---

[1] Ms. McElhaney likely listed damages as being "in excess of $50,000" to enable her to file the case as a Law Division case in state court.  See 735 ILCS 5/2-604 (providing that "no ad damnum may be pleaded except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed").

find that Plaintiff has no duty to defend or indemnify Mr. Heitbrink with respect to the Underlying Lawsuit.

Plaintiff's motion is denied without prejudice and with leave to refile when the matter has been resolved against all of the defendants. As noted above, Plaintiff also seeks a declaratory judgment against Ms. McElhaney, individually and as special administrator of the Estate of William McElhaney. Ms. McElhaney has answered the complaint, and an actual controversy exists between Plaintiff and Ms. McElhaney. See Md. Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 274 (1941) (holding that in a declaratory judgment action, an actual controversy exists between the insurer and the injured party, even though the injured party is not a party to the insurance contract); see also Hawkeye-Sec. Ins. Co. v. Schulte, 302 F.2d 174, 177 (7th Cir. 1962) (same) (citing Md. Cas. Co., 312 U.S. 270).

If Ms. McElhaney is successful on the merits, the default judgment against Mr. Heitbrink would be logically inconsistent. That is, the Court would have found both that Plaintiff has a duty to defend and indemnify under the terms of the insurance policy and does not have a duty to defend and indemnify under the terms

of the insurance policy.  To avoid this possibility, the Court will not enter a default judgment against Mr. Heitbrink at this time.  See Marshall & Ilsley Trust Co. v. Pate, 819 F.2d 806, 812 (7th Cir. 1987) (in a multi-defendant action, default judgment should not be entered against one defendant where doing so might result in logically inconsistent or contradictory judgments); see also, e.g., VLM Food Trading Int'l, Inc. v. Ill. Trading Co., 811 F.3d 247, 256 n. 6 (7th Cir. 2016) (citing cases for the proposition that a default judgment should not be entered against one defendant until the matter has been resolved against all of the defendants when, for example, defendants are jointly liable); State Farm Mut. Auto. Ins. Co. v. Jackson, 736 F. Supp. 958, 961-62 (S.D. Ind. 1990) (setting aside the non-final default judgment and postponing a final ruling until the merits of the declaratory judgment case were adjudicated as to all of the defendants).

    The entry of default remains in effect.  Plaintiff may renew its motion for default judgment when the issues are finally resolved against Ms. McElhaney, individually and as special administrator of the estate of William McElhaney.

## IV. CONCLUSION

For the reasons stated, Plaintiff's Brief in Support of Its Motion for Default Judgment (d/e 25) against Defendant Robert Heitbrink, which the Court construes as a Motion for Default Judgment, is DENIED without prejudice and with leave to refile when all claims involving all parties have been resolved.

**ENTER: January 23, 2017**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**